B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Shamrock Finance LLC | **DEFENDANTS**<br>Miran Vrankic |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>James J. McNulty, Esq.<br>40 Court Street, Suite 1150<br>Boston, MA 02108          Tel. 617-263-3300 | **ATTORNEYS** (If Known)<br>Barry R. Levine<br>100 Cummings Center, Sutie 327G<br>Beverly, MA 01915          Tel. 978-922-8440 |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor       ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Defendant should be denied discharge of debt owed to the Plaintiff due to acts of fraud, misrepresentation, larceny and embezzlement pursuant to 11 U.S.C. Section 523(a).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[3] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Miran Vrankic and Dragana Vrankic | BANKRUPTCY CASE NO.<br>16-10394 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Boston | NAME OF JUDGE<br>Melvin S. Hoffman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ James J. McNulty, Esq. | | |
| DATE<br><br>May 16, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>James J. McNulty | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 7
CASE NO. 16-10394

| | |
|---|---|
| In Re:<br><br>Miran Vrankic, and<br>Dragana Vrankic<br>      Debtors<br><br>Shamrock Finance LLC,<br>      Plaintiff<br><br>v.<br><br>Miran Vrankic,<br>      Defendant | **COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4) AND 11 U.S.C. § 523(a)(6)**<br><br><br>Adversary Proceeding<br><br>No. _____ |

NOW COMES Shamrock Finance LLC ("Shamrock"), a creditor in the above captioned matter and files this Complaint seeking the exception of its claim to the debtor's, Miran Vrankic ("Vrankic"), discharge pursuant to *11 U.S.C. § 523(a)(2), § 523(a)(4) and § 523(a)(6)*. Shamrock seeks exception of Vrankic's discharge as it pertains to the debt which is currently due and owing to Shamrock. In support thereof, Shamrock states the following:

**PARTIES**

1. Plaintiff, Shamrock, is a limited liability company organized pursuant to the laws of the Commonwealth of Massachusetts with its principal office located at 116 Topsfield Road, Wenham, Essex County, Massachusetts 01984;

2. Debtor, Vrankic, is upon information and belief, an individual with a residence of 214-220 Hamilton Street, Saugus, MA 01906;

## JURISIDICTION

3. This court has jurisdiction over the subject matter of bankruptcy proceedings pursuant to *28 U.S.C. § 1334* and *28 U.S.C. 157(a)*;

4. This is a core proceeding pursuant to *28 U.S.C. 157(b)* because the cause of action arises under Title 11 of the United States Code. Shamrock hereby consents to this Court's jurisdiction and authority.

## FACTS COMMON TO ALL COUNTS

5. Shamrock is in the business of providing floor plan financing to motor vehicle dealers for the acquisition of their inventory of motor vehicles;

6. Vrankic was in the business of acquiring and selling various motor vehicles under the limited liability company named Eurocar Garage LLC ("Eurocar");

7. Vrankic was the sole manager and, upon information and belief, the sole member of Eurocar and personally directed all of the activities and business conducted by Eurocar;

8. On June 25, 2015 Shamrock entered into a Floorplan Note ("Note") with the business, Eurocar, where Shamrock was to provide financing services in the amount of One Hundred Twenty Thousand ($120,000) Dollars and Vrankic and Eurocar are obligated to pay for such services in the usual course of Vrankic and Eurocar's business (See, Note attached hereto as Exhibit "A");

9. On June 25, 2015 Vrankic, in his individual capacity, executed an Unlimited Guaranty which Shamrock reasonably relied upon as a promise from Vrankic to extend his individual liability for all sums due under the Note (See, Unlimited Guaranty attached hereto as Exhibit "B");

*Complaint*
2

10. On June 25, 2015 Vrankic and Eurocar entered into a Loan and Security Agreement which Shamrock reasonably relied upon as Security for all sums due under the Note (See, Loan and Security Agreement attached hereto as Exhibit "C") (collectively the "Agreements";

11. To date, Vrankic owes no less than one hundred twelve thousand one hundred and seventy-three ($112,173) dollars lent under Note;

12. In its usual course of business, Shamrock holds the Certificate of Title of the motor vehicles which it has financed for Vrankic and which are being held as collateral for financing provided;

13. Vrankic has sold numerous vehicles on Shamrock's floor plan without making required payments to Shamrock and Shamrock has been unable to locate a significant amount of those vehicles (See, Shamrock Accounting attached hereto as Exhibit "D");

14. In many instances Vrankic obtained titles to vehicles held as collateral by Shamrock by falsely and fraudulently promising to Shamrock that in exchange for possession of the titles, Vrankic would immediately remit to Eurocar the proceeds from the sale of each vehicle which he failed to do.

15. Shamrock is and has never been able to locate numerous cars which titles are being held as collateral by Shamrock and Shamrock remains in possession of said titles.

## COUNT I
### Exception to Discharge
### 11 U.S.C. § 523(a)(2)

16. Shamrock hereby incorporates and realleges the allegations contained in Paragraphs 1 through 15 above, as if fully set forth herein;

17. Vrankic obtained financing services from Shamrock pursuant to the terms of the Note;

18. Vrankic obtained such financing services from Shamrock by false pretenses, false representations or actual fraud within the meaning of *11 U.S.C. § 523(a)(2)(A)*;

19. Vrankic misrepresented to Shamrock its intent to sell the vehicles on floor plan without repaying Shamrock the principal or interest accrued upon as required pursuant to terms of the Notes which misrepresentation was false when made and upon which Shamrock reasonably relied;

20. The written Agreements constitute statements in writing representing Vrankic's financial condition as he agreed to comply with the Agreements terms within the meaning of *11 U.S.C. § 526(a)(2)(B)*;

21. Vrankic's representations, which Shamrock reasonably relied upon, that he was to comply with the terms of the Agreements are materially false when made and Vrankic made the representations with the intent to deceive Shamrock in order benefit from Shamrock's financial lending;

22. Based upon the foregoing, Shamrock's claim should be excepted from discharge under *11 U.S.C. § 523(a)(2)*;

**COUNT II**
**Exception to Discharge**
**11 U.S.C. § 523(a)(4)**

23. Shamrock hereby incorporates and realleges the allegations contained in Paragraphs 1 through 22 above, as if fully set forth herein;

24. Vrankic's financial benefit has been obtained through acts of embezzlement and larceny which expressly exempts claims subject to such from discharge under *11*

*Complaint*
4

*U.S.C. § 523(a)(4)*;

25. Vrankic breached the Agreements with Shamrock by committing acts of fraud, embezzlement and larceny as he intentionally obtained titles to vehicles by falsely promising to pay for each one as sold and failed to make payments pursuant to the terms of the Agreements while continuing to sell vehicles without titles still being held by Shamrock which resulted in over one hundred twelve thousand one hundred seventy-three ($112,173) dollars in principal and unpaid interest to accrue over time;

26. Vrankic's intent to deceive was intentional and in violation of *§ 523(a)(4)* for fraud, embezzlement and/or larceny;

27. Based upon the foregoing, Shamrock's claim should be excepted from discharge under *11 U.S.C. § 523(a)(4)*.

## COUNT III
### Exception to Discharge
### 11 U.S.C. § 523(a)(6)

28. Shamrock hereby incorporates and reallges the allegations contained in Paragraphs 1 through 27 above, as if fully set forth herein;

29. Vrankic's debt currently owed to Shamrock is excepted from discharge pursuant to *11 U.S.C. § 523(a)(6)*;

30. *§ 523(a)(6)* provides from an exception from discharge for willful and malicious injury by the debtor to another entity or to the property of another entity;

31. Vrankic's conduct of failing to abide by the payment terms pursuant to the Agreements, obtaining titles by false pretenses, and knowingly selling vehicles without title which he knew to be in the possession of Shamrock clearly demonstrates Vrankic's acts as with willful and malicious intent to injure Shamrock within the

*Complaint*
5

purpose of this section of the statute;

32. Based upon the foregoing, Shamrock's claim should be excepted from discharge under *11 U.S.C. § 523(a)(6)*.

WHEREFORE, Shamrock respectfully requests;

1. That this Honorable Court grant Count I of this Complaint and except Shamrock's claim against Vrankic from discharge;

2. That this Court grant Count II of this Complaint and except Shamrock's claim against Vrankic from discharge;

3. That this Court grant Count III of this Complaint and except Shamrock's claim against Vrankic from discharge;

4. Shamrock should be awarded costs and attorney's fees in accordance with the applicable rule and/or statute; and

5. Such further relief as this Court deems just and proper.

                                                 Respectfully submitted,
                                                 **SHAMROCK FINANCE LLC**
                                                 By its attorney,

                                               /s/ James J. McNulty
                                               James J. McNulty, Esq. BBO # 339940
                                               40 Court Street, 11th Floor
                                               Boston, MA  02108-2202
                                               Tel. No. (617) 263-3300
                                               jjm@jjmcnultylaw.com

Dated: May 16, 2016